```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

DENNIS CAMPBELL,                          Civ. No. 05-1414-HO

                Plaintiff,                ORDER

     v.

Commissioner of Social Security,

                Defendant.
```

Plaintiff seeks judicial review of the decision of the Commissioner denying his application for disability insurance benefits.  For the reasons discussed below, the decision of the Commissioner is reversed.  This matter is remanded to the Commissioner for further proceedings.

### Discussion

Plaintiff argues that the administrative law judge (ALJ) erred by failing to include in his assessment of plaintiff's residual functional capacity (RFC) deficiencies in concentration, persistence and pace found by Dr. LeBray, and by failing to find that plaintiff's impairments are of sufficient severity to meet

or medically equal the impairment for chronic heart failure listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02.

The ALJ appropriately omitted from the RFC assessment Dr. LeBray's finding on the Psychiatric Review Technique Form that plaintiff is moderately limited in his ability to maintain concentration, persistence and pace.  This finding is not an RFC assessment, which requires an expanded list of work-related capacities.  See 20 C.F.R. Subpt. P, App. 1 § 12.00A.  The ALJ's assessment of plaintiff's RFC sufficiently accounted for Dr. LeBray's findings on the Mental Residual Functional Capacity Assessment, with the possible exception of the ALJ's determination that plaintiff can tolerate only limited interaction with co-workers and supervisors.  (Tr. 23, 298-301). To the extent that this determination is too vague, the ALJ cured the problem by specifying in his hypothetical question to the vocational expert (VE) that what plaintiff shouldn't be doing "is things like customer service or long discussion with someone . . ." (Tr. 464).

The ALJ concluded without discussion of the criteria for Listing 4.02[1] that plaintiff's impairments do not meet or

---

[1] 4.02 Chronic heart failure while on a regimen of prescribed treatment, with symptoms and signs described in 4.00D2.  The required level of severity for this impairment is met when the requirements in both A and B are satisfied.
A. Medically documented presence of one of the following:
1. Systolic failure (see 4.00D1a(I)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of

2 - ORDER

medically equal one of the listed impairments. Medical evidence seems to establish the 30 percent ejection fraction requirement of Listing 4.02A. (Tr. 142). It is not readily apparent to the court from the decision or record that plaintiff's impairments may not meet or be medically equivalent to the criteria of the

---

30 percent or less during a period of stability (not during an episode of acute heart failure); or
2. Diastolic failure (see 4.00D1a(ii)), with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure);
AND
B. Resulting in one of the following:
1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual; or
2. Three or more separate episodes of acute congestive heart failure within a consecutive 12-month period (see 4.00A3e), with evidence of fluid retention (see 4.00D2b(ii)) from clinical and imaging assessments at the time of the episodes, requiring acute extended physician intervention such as hospitalization or emergency room treatment for 12 hours or more, separated by periods of stabilization (see 4.00D4c); or
3. Inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to:
a. Dyspnea, fatigue, palpitations, or chest discomfort; or
b. Three or more consecutive premature ventricular contractions (ventricular tachycardia), or increasing frequency of ventricular ectopy with at least 6 premature ventricular contractions per minute; or
c. Decrease of 10 mm Hg or more in systolic pressure below the baseline systolic blood pressure or the preceding systolic pressure measured during exercise (see 4.00D4d) due to left ventricular dysfunction, despite an increase in workload; or
d. Signs attributable to inadequate cerebral perfusion, such as ataxic gait or mental confusion.

listing, or that further testing should not have been ordered. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.00, 4.02. This matter is therefore remanded to the Commissioner to determine whether additional testing should be purchased, and for a new decision. Any new ALJ decision denying benefits should include an explanation as to why plaintiff's impairments do not meet or are not medically equivalent to Listing 4.02.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED this __23rd__ day of June, 2006.

                                         s/ Michael R. Hogan
                                         United States District Judge